UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK,

                     Plaintiff,

         -against-

ABRAHAM JAWARA EL BEY,

                    Defendant.

15-CV-4451 (LAP)

ORDER

LORETTA A. PRESKA, Chief United States District Judge:

      Defendant, appearing *pro se* and *in forma pauperis*, brings this action purporting to remove a Kings County Criminal Court matter to federal court. For the reasons set forth below, the action is remanded to the Kings County Criminal Court.

## STANDARD OF REVIEW

      The Court must dismiss an action filed *in forma pauperis*, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

      A claim is frivolous when it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Defendant purports to remove to this Court a proceeding regarding vehicle and traffic violations that are apparently pending against him in the Kings County Criminal Court. In his 44-page submission to this Court, Defendant cites to entire sections of statutory language to assert the basis of this Court's jurisdiction over his specific claims. Most significantly, Defendant appears to assert that this Court's jurisdiction may be found in the "Treaty of Peace and Friendship of 1836 A.D." between Morocco and the United States. Defendant identifies himself as an "Aboriginal Indigenous Moorish-American."

## DISCUSSION

A criminal defendant may remove a pending state court matter to a federal district court only if he "is denied or cannot enforce in the courts of such State a right under any law providing for equal civil rights of citizens of the United States . . . ." 28 U.S.C. § 1443(1).[1] This removal statute is "construed strictly . . . and aimed at preventing racial discrimination." *Varricchio v. Cnty. of Nassau*, 702 F. Supp. 2d 40, 68 (E.D.N.Y. 2010); *New York v. Ross*, No. 08-CV-10885 (SHS), 2008 WL 5337077, at *1 (S.D.N.Y. Dec. 22, 2008).

In *Johnson v. Mississippi*, 421 U.S. 213 (1975), the United States Supreme Court established a two-part test to determine if an action is removed properly under § 1443(1). "First,

---

[1] This is consistent with the holding in *Younger v. Harris*, 401 U.S. 37 (1971), which provides that federal district courts cannot intervene in ongoing state court criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm.

it must appear that the right allegedly denied the removal petitioner arises under federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  Any claims by a defendant that the "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.* "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Id.* (quoting 28 U.S.C. § 1443(1), alteration in original).

Defendant clearly fails to satisfy the first prong of the *Johnson* test.  Even if the Court construes his submission as alleging that the State of New York lacks the jurisdiction to prosecute him because of his nationality, he fails to allege that he is being denied a right arising under a federal law relating to racial equality.  Defendant is alleging either that the criminal court lacks jurisdiction over him, or that his criminal prosecution is without any evidentiary basis.  Such claims do not, standing alone, satisfy the requirements of § 1443(1).  *See City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966).  Because Defendant's allegations do not implicate any specific civil right protecting racial equality, Defendant fails to state adequate grounds for removal of his criminal action.

There are other deficiencies with Defendant's filing.  First, a defendant seeking to remove an action to federal district court is required to file "a short and plain statement of the grounds for removal" and "cop[ies] of all process, pleadings, and orders" that were served upon him.  28 U.S.C. § 1446(a).  Also, a notice of removal must be filed within thirty days of the defendant's receipt of a pleading, motion or other paper indicating grounds for removal.  28 U.S.C. § 1446(b).  Defendant's filing does not comply with either of these statutory provisions.

In any event, even if this matter were removable, venue would be not be proper in this Court. Kings County is located in the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, this matter is remanded to the Kings County Criminal Court pursuant to 28 U.S.C. § 1446(c)(4).

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the New York State Criminal Court, Kings County. The Clerk of Court is directed to send a copy of this order to the Kings County Criminal Court and to close this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 24, 2015
New York, New York

_____
LORETTA A. PRESKA
Chief United States District Judge

4